IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwayne Gregory Harris,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　Respondents. | No. CIV 14-1741-PHX-PGR (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

　　　　Petitioner Dwayne Gregory Harris, an inmate currently incarcerated in the Arizona State Prison, in Kingman, Arizona, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 1). Respondents have filed a Limited Answer (Doc. 10), and Petitioner has filed a Traverse (Doc. 13). Petitioner raises three claims in his Petition: (1) Petitioner's plea agreement was modified after it was signed, (2) Ineffective assistance of counsel - Petitioner's counsel failed to file a motion to object to his modified plea agreement, and (3) Petitioner was coerced into his guilty plea. (Doc. 1, at 6-8.) Respondents argue that Petitioner's Petition is untimely (over 2 years and 7 months late) under the Anti-terrorism and Effective Death Penalty Act (AEDPA), and in any event, Petitioner's claims are unexhausted, and review is precluded by the appeal waiver in Plaintiff's plea agreement. (Doc. 10.)

\\\

\\\

## BACKGROUND

Petitioner was indicted in the Maricopa County Superior Court on April 19, 2010, on seven felony counts: three counts of kidnaping, each a class 2 felony and dangerous crime against children; one count of theft of means of transportation, a class 3 felony; and three counts of child abuse, each a class 4 felony. (Doc. 10, Exh[1]. A, at 1-3.) On June 3, 2010, Petitioner entered a plea agreement in which he pleaded guilty to count one - theft of means of transportation, a class 3 felony; count two - kidnaping, a class 2 felony and dangerous crime against children; and count five - child abuse, a class 5 felony. (Exh. B.)

In the plea agreement, the parties stipulated that Petitioner would be sentenced to prison on count one, "concurrent with count [two]," to prison for "fifteen (15) years" on count two, and to a period of lifetime probation on count five, consecutive to Petitioner's release from prison on count two (although the plea agreement gave Petitioner the option of rejecting probation on count 2 and being sentenced to 3.75 years consecutive). (Exh. B, at 1-2.) As to count two, the "fifteen (15) years" language had been handwritten on the plea agreement over the crossed-out words "a term between 10 and 24 years." (Id., at 2.) Also in the plea agreement, the State agreed to dismiss the remaining charges in the indictment, dismiss case number CR 2009-177141, and to dismiss allegations of prior felony convictions, that Petitioner was on probation, and that Petitioner was on release status. (Id.) The case being dismissed was an indictment charging Petitioner with two felony counts of forgery and one misdemeanor count of theft. (Doc. H.)

Petitioner initialed the paragraphs of the plea agreement and signed the last page, indicating that he had "personally and voluntarily placed [his] initials in each of the above boxes and signed the signature line below to indicate that [he had] read and approved all of the previous paragraphs in th[e] agreement." (Id., at 3.) During the change of plea proceeding, the trial court reviewed the plea agreement with Petitioner and advised him of

---

[1] All exhibits cited herein reference exhibits attached to Respondents' Limited Answer, unless otherwise noted.

- 2 -

the range of possible sentence and his constitutional rights and rights of review. (Exhs. C, L, at 6.) On June 18, 2010, counsel for Petitioner filed a Motion to Withdraw from Plea Agreement, claiming that Petitioner "felt overwhelmed by the proceedings and that he did not have a sufficient amount of time to determine how he wanted his cases to proceed, . . . [and] is considering retaining private counsel." (Exh. D.) That motion was denied by the trial court on July 9, 2010. (Exh. K, at 3.)

A Probation Violation/Presentence Report prepared prior to sentencing described the subject offenses as follows:

> On March 20, 2010, the defendant unlawfully entered and proceeded to drive the running vehicle belonging to Steven and Jamie Gettner. Inside the vehicle were the Gettner's three young children, ages six, four and one. The defendant proceeded to drive with the children for approximately two miles before abandoning them in a residential neighborhood. The children were discovered by a letter carrier who immediately contacted the police. All three children were returned to the parents unharmed within one hour of their kidnaping.

(Exh. F, at 1.)

Sentencing took place on September 17, 2010, at which time Petitioner was sentenced to prison for 3.5 years (presumptive) on count one, 15 years on count two (slightly mitigated), to run concurrent with count one, and lifetime probation on count five. (Exh. G.) On December 28, 2010, Petitioner filed *pro se* his notice of post-conviction relief ("PCR"). (Exh. J.) On August 17, 2011, Petitioner, through counsel, filed his first PCR petition. (Exhs. J, K.) In his PCR petition, Petitioner raised the claim that his plea agreement was changed (to the "fifteen years") after he signed it, and two other claims that are not alleged in his habeas petition.

On January 30, 2012, the trial court dismissed Petitioner's PCR petition on untimeliness grounds, and alternatively, on the merits:

> Defendant raises issues under Rule 32.1(a) of the Arizona Rule of Criminal Procedure. The deadline for filing his Petition was December 16, 2010 however it was not filed until December 28, 2010. Therefore, it is untimely.
>
> Even if timely, the Petition is without merit. Defendant clearly stated on the record that he understood this stipulation to 15 years in prison. The Court thoroughly complied with Rule 17.1, 17.2, and 17.3 when accepting the plea. He clearly stated on the record that he understood the terms that he now disputes.

- 3 -

> There is no basis presented on the record for withdrawing from the plea or for a claim of ineffective assistance. Claims 1 and 3 are dismissed as precluded without merit.
>
> Finally, even though Defendant did not sign a written waiver of counsel, his waiver was knowingly and intelligently waived. The sentence in Count 2 was a stipulated sentence, and Defendant participated in a lengthy settlement conference and change of plea colloquy.

(Exh. N.)

On August 4, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus. (Doc. 1.)

## LEGAL ANALYSIS

I.   <u>Timeliness under the AEDPA.</u>

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); <u>see also</u> <u>Lott v. Mueller</u>, 304 F.3d 918, 920 (9th Cir. 2002). "[T]he period of 'direct review' in 28 U.S.C. §2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

By pleading guilty, Petitioner waived his right to direct appeal under Arizona law. A.R.S. §13-4033(B). However, he retained the right to seek review in an "of-right" proceeding pursuant to Arizona Rules of Criminal Procedure 32, 32.1, and 32.4. See Ariz. R.Crim. P. 32.1 ("Any person who pled guilty . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding."). Petitioner had 90 days from his sentencing to initiate his PCR proceedings. <u>See</u> Ariz. R. Crim. P. 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence[.]"). Because Petitioner failed to file a timely PCR Notice, his conviction became final upon "the expiration of time for seeking such proceeding or review." <u>Summers v. Schriro</u>, 481 F.3d 710, 711-17 (9th Cir.

2007). Thus, Petitioner's judgment became final 90 days from his sentencing on September 17, 2010, that is, on December 19[2], 2010, and thus his habeas petition was due one year later on December 19, 2011. Petitioner's habeas petition, filed on August 4, 2014, was filed more than 2 years and 7 months beyond the 1- year AEDPA statute of limitations period.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921. Even if Petitioner's PCR petition was considered "properly-filed," and the period between the time of his PCR notice (December 28, 2010) to the trial court's decision denying PCR relief (January 30, 2012) and the time period within which to seek review[3] was excluded, Petitioner would have been required to file his habeas petition by February 29, 2013. His habeas petition would still be untimely by over 1 year and 5 months.

II.     Equitable Tolling.

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 648-49 (quoting Pace, 544 U.S. at 418).

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006). Tolling is appropriate when "extraordinary circumstances beyond a [petitioner]'s control make it impossible to file a petition on time." Id. (citation

---

[2] The 90 day period actually ends on December 17, 2010, but since that date falls on a Saturday, the period extends to December 19.

[3] The expiration of the time for seeking review of the trial court's decision was February 29, 2012. See, Ariz. R. Crim. P. 32.9(c) (30 day deadline to file petition for review of trial court's decision to the Arizona Court of Appeals). As Petitioner did not file a petition for review, the 30 days is added to any statutory tolling period.

- 5 -

1  omitted); see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable
2  tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable
3  tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and
4  internal emphasis omitted). "When external forces, rather than a petitioner's lack of
5  diligence, account for the failure to file a timely claim, equitable tolling of the statute of
6  limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
7  Petitioner must also establish a "causal connection" between the impediment and his failure
8  to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th
9  Cir. 2007).

10  Petitioner can not argue that his own ignorance or mistakes justifies his lack of due
11  diligence because he is proceeding *pro se*. "A pro se petitioner's lack of legal sophistication
12  is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v.
13  Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). See also, Donovan v. Maine, 276 F.3d 87, 94
14  (1st Cir. 2002) ("[C]ourts have been loathe to excuse late filings simply because a pro se
15  prisoner misreads the law."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (collecting
16  cases).

17  In Petitioner's habeas petition, he claims that his "appointed counsel fail[ed] to keep
18  the [Petitioner] informed in the[] Rule 32 proceedings." (Doc. 1, at 14.)   In his Traverse,
19  he asserts that, after his sentencing on September 17, 2010, he was held in the Maricopa
20  County jail for 2 days, and then for 4 days in the Arizona Department of Corrections -
21  Alhambra Processing Center, for processing into the state prison system. (Doc. 13, at 5-6.)
22  During this time, Petitioner claims he was "denied access to his legal documents, legal
23  library, legal assistance from trained staff and legal materials for [him] to read, research and
24  file in the timely manner prescribed by Ariz. R. Crim P. 32.4(a)." (Id., at 7.)

25  Petitioner's blanket assertion that his appointed counsel failed to keep him informed
26  during the PCR proceedings is insufficient to establish extraordinary circumstances.
27  Additionally, Petitioner filed his untimely Notice of PCR *pro se*. (Exh. J.) Counsel was
28  appointed thereafter. (Exh. P, 1/5/11 docket entry: "Attny Apptd.") Additionally, even

1  accepting Petitioner's assertion that he was without access to any necessary materials or
2  assistance for 6 days in September, that does not explain why he was unable to meet the
3  deadline for filing a timely PCR in December, or why he was unable to file his habeas
4  petition until over 2 years after the trial judge denied his PCR petition.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that the petition be denied and dismissed. **IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the habeas petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order

or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 24th day of September, 2015.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge

- 8 -